Darrion Branscomb
(Name)

47369-044
(Institution Register No.)

PMB 4000 Rochester, MN 55903
(Current Mailing Address)

FILED

AUG 24 2023

Clerk, U.S. District Court
By: _____ Deputy Clerk

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Darrion Branscomb    Plaintiff<br>(Full and Correct Name) | CASE NO. ___23-3159-JWL___<br>(To be supplied by the Clerk) |
| vs. | |
| HSA P. Viscon<br><br>AHSA J. Revier ____, Defendants | AMENDED<br>CIVIL RIGHTS COMPLAINT<br>PURSUANT TO 28 U.S.C. 1331 |

### A. JURISDICTION

1) Darrion Branscomb _____, is a resident of Missouri _____
   (Plaintiff)                                (State of residency prior to incarceration)

   who presently located at FMC Rochester PMB 4000 Rochester, MN 55903
   (Mailing address or place of confinement)

2) Defendant P. Viscon (HSA) _____ is a resident of

   (Name of first defendant)

   Kansas City, Kansas _____, and is employed as
   (City, State)

   Health Service Administrator _____, and may be
   (Position and title, if any)

   located at USPL 1300 Metropoliton Ave. _____. At the time the claim(s) alleged
   (Address for service of process)

   in this complaint arose, was this defendant acting under the color of state law? Yes ☑ No ☐

   If your answer is "Yes", briefly explain: SEE ATTACHMENT A _____

1

XE-2 (F)  —  CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

3) Defendant <u>J. Revier (AHSA)</u> _____ is a resident of
   (Name of first defendant)

<u>Kansas City, Kansas</u> _____ , and is employed as
   (City, state)

<u>Health Service Administrator</u>_____ , and may be located at
   (Position and title, if any)

<u>USPL 1300 Metropoliton Ave. Kansas City, KS 66048</u> At the time the
   (Address for service of process)

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes [✔] No [ ] . If your answer is "Yes", briefly explain:

_____ See Attachment B _____ _____

_____

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331(3). (If you wish to assert jurisdiction

under different or additional statuses, you may list them below.)

_____

_____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

_____ See Attachment C _____

_____

_____

_____

_____

_____

2

XE-2 (F)          CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

## C. CAUSE OF ACTION

1) I allege that my claims arise under the following constitutional provisions or laws of the United States and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: Medical Negligence of Serious Medical Needs.

_____

_____

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

See Attachment D

_____

_____

B) (1) Count II: _____

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

C) (1) Count III: _____

3

XE-2 (F)                    CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

_____

_____

(2) Supporting Facts: _____

_____

_____

_____

## D.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☐ . If your answer is "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a)  Parties to previous lawsuit:

        Plaintiffs: _____

        Defendants: _____

    b)  Name of court and docket number _____

_____

    c)  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

_____

    d)  Issues raised _____

    e)  Approximate date of filing lawsuit _____

    f)  Approximate date of disposition _____

4

## E. ADMINISTRATIVE RELIEF

1) Have you presented all grounds for relief raised in this complaint by way of BP-9, BP-10, and BP-11 grievances? Yes [✓] No [ ].

2) If your answer to (1) is "Yes", state the date of disposition, result and reasons given for the administrative decision __November 3, 2021   -Transfer to Federal Medical Center__

3) If your answer to (1) is "No", list each ground not fully presented through the administrative grievance process and explain why it was not _____

4) Describe all other procedures you have used (such as tort claim or Parole Commission administrative appeals procedures) to exhaust administrative remedies as to each issue raised. _____

## F. REQUEST FOR RELIEF

5) I believe that I am entitled to the following relief:

__$5 Million due to Medical ongoing care and equipment that is needed after incarceration.__

_____
Signature of Attorney (if any)

*Damion Branscomb*
Signature of Petitioner

_____

_____

(Attorney's full address and telephone number)

XE-2 (F)                    CIVIL RIGHTS COMPLAINT (28 U.S.C. §1331)

5

SEE ATTACHMENT A

In August of 2021 when plaintiff returned from St. Luke's with his diagnosis he spoke to AHSA P. Viscon and was told that there was nothing medical staff could provide for him and that he would have to deal with his issues on his own until he was transferred to another facility.

Immediately, plaintiff spoke to Warden Hudson about the conversation with AHSA P. Viscon and was referred to HSA J. Revier. HSA Revier support her medical staff's position with respect to plaintiffs pleas for medical attention.

The Bureau of Prisons has a basic policy of providing basic medical care at all facilities and being denied the basic care violated his statutory rights as a prisoner in custody with a serious medical need.

SEE ATTACHMENT B

In August of 2021 when plaintiff returned from St. Luke's with his diagnosis he spoke to AHSA P. Viscon and was told that there was nothing medical staff could provide for him and that he would have to deal with his issues on his own until he was transferred to another facility.

Immediately, plaintiff spoke to Warden Hudson about the conversation with AHSA P. Viscon and was referred, to HSA J. Revier. HSA Revier support her medical staff's position with respect to plaintiffs pleas for medical attention.

The Bureau of Prisons has a basic policy of providing basic medical care at all facilities and being denied the basic care violated his statutory rights as a prisoner in custody with a serious medical need.

SEE ATTACHMENT C

NATURE OF CASE


Plaintiff Branscomb was placed in the prison SHU where he contracted a illness due to the unsanitary and unsafe health condition specifically black mold. Plaintiff began to show symptoms for which he began to seek medical attention. Medical staff refused to do anything for him although he suffered from reduced breathing, level 9 pain, vision loss and loss of motor functions over several days because they believed he was faking or on drugs(K2). The only help they gave plaintiff was Ibuprofen, which is not a prescription for those symptoms. Plaintiff lost consciousness several times and experienced severe pain over a course of months until he was admitted to St. Lukes Hospital where he was diagnosed with myastenia gravis which is linked directly to the black mold in Leavenworth SHU and living quarters in the prison.

<u>SEE ATTACHMENT D</u>

Plaintiff Branscomb was placed in the prison SHU where he contracted a illness due to the unsanitary and unsafe health condition specifically black mold. Plaintiff began to show symptoms for which he began to seek medical attention. Medical staff refused to do anything for him although he suffered from reduced breathing, level 9 pain, vision loss and loss of motor functions over several days because they believed he was faking or on drugs(K2). The only help they gave plaintiff was Ibuprofen, which is not a prescription for those symptoms. Plaintiff lost consciousness several times and experienced severe pain over a course of months until he was admitted to St. Lukes Hospital where he was diagnosed with myastenia gravis which is linked directly to the black mold in Leavenworth SHU and living quarters in the prison.