IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DARRION BRANSCOMB,**

    **Plaintiff,**

v.                                                CASE NO. 23-3159-JWL

**(FNU) TROLL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although Plaintiff is currently housed at the Rochester Federal Medical Center in Rochester, Minnesota, his claims arose during his incarceration at USP-Leavenworth in Leavenworth, Kansas ("USPL"). The Court granted Plaintiff leave to proceed in forma pauperis. On August 7, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 10). The Court's screening standards are set forth in detail in the MOSC.

**1. Nature of the Matter before the Court**

Plaintiff claims "medical negligence" based on his medical care at USPL. (Doc. 10, at 3.) Plaintiff alleges that he contracted his illness because there was black mold present when he was placed in the SHU at USPL. (Doc. 10, at 8.) Plaintiff alleges that he began to show symptoms and medical staff refused to do anything even though he suffered for several days with reduced breathing, level 9 pain, vision loss, and loss of motor functions. *Id*. Plaintiff alleges that medical

1

staff believed he was faking or on drugs. *Id*. Plaintiff was only given Ibuprofen. *Id*. Plaintiff lost consciousness several times and experienced severe pain over the course of months until he was admitted to St. Luke's Hospital where he was diagnosed with myasthenia gravis "which is linked directly to the black mold in Leavenworth SHU and living quarters in the prison." *Id*.

Plaintiff claims that in August 2021, he returned to USPL from St. Luke's Hospital, where he received his diagnosis. *Id*. at 6–7. When he returned to USPL, he spoke to AHSA P. Viscon and was told that there was nothing medical staff could provide for Plaintiff and that Plaintiff would have to deal with his issues on his own until he was transferred to another facility. *Id*. Plaintiff spoke to the Warden about Plaintiff's conversation with Viscon, and was referred to HSA J. Revier, who supported her medical staff's position with respect to Plaintiff's pleas for medical attention. *Id*.

Plaintiff names Health Service Administrator J. Revier and Health Service Administrator P. Viscon as defendants. *Id*. at 1–2. Plaintiff seeks $5 million in compensatory damages. *Id*. at 5.

## II.  DISCUSSION

The Court found in the MOSC that it appears that some of Plaintiff's claims may be barred by the statute of limitations. The Court directed Plaintiff to clarify whether he claims he was denied proper medical care at USPL from around June 27, 2021[1] until his transfer in November 2021.[2] In his Amended Complaint, Plaintiff claims that he was denied medical care when he returned from St. Luke's Hospital until his transfer from USPL in November 2021. Plaintiff also attaches multiple grievances he filed regarding his medical care. *See* Doc. 10–1.

---

[1] The Court notes that although Plaintiff's Complaint was not filed until July 5, 2023, he signed his Complaint on June 27, 2023. (Doc. 1, at 16.)

[2] Plaintiff also filed a claim for property damage or loss, indicating that he complained to staff about black mold and fungus in the showers and cells at USPL. (Doc. 1–1, at 32.) The claim suggests that this may have caused some of his medical issues. The claim lists the date of the incident as August 11, 2020. *Id*.

The Court cannot determine whether or not Plaintiff's claims are barred by the statute of limitations. The Tenth Circuit has held that a state's "lack of a tolling provision to allow for the exhaustion of mandatory prison grievances is contrary to § 1983's goals." *Johnson v. Garrison*, 805 F. App'x 589, 594 (10th Cir. 2020) (unpublished). Because it would be inequitable for the statute of limitations to run while a plaintiff is legally unable to file suit, federal courts toll the statute of limitations until the time for exhaustion has elapsed. *See, e.g. Battle v. Ledford*, 912 F.3d 708, 719 (4th Cir. 2019) ("[E]very circuit that has confronted a state no-tolling rule and reached this question has applied federal law to equitably toll § 1983 limitations during the PLRA exhaustion period.").

The Court set forth in the MOSC the medical care provided to Plaintiff at USPL and found that Plaintiff's allegations show that he received medical care that was more than the functional equivalent of a compete denial of care. The Court also cautioned that negligence is insufficient to state a constitutional violation. The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

The Court also noted that the Tenth Circuit recently clarified that "it is possible to have some medical care and still state a claim under the gatekeeper theory." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1139 (10th Cir. 2023). "The inquiry under a gatekeeper theory is not whether the prison official provided *some* care but rather whether they fulfilled their sole obligation to refer or otherwise afford access to medical personnel capable of evaluating a patient's treatment needs when such an obligation arises." *Id*. (citations omitted). Under the

deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Id*.

Plaintiff's Amended Complaint only names the two Health Service Administrators as defendants.  It is unclear whether or not either defendant is an officer or employee of the United States Public Health Service ("PHS").  PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of their performance of a medical or related function. *Hui v. Castaneda*, 559 U.S. 799, 802 (2010).  The Federal Tort Claims Act remedy is "exclusive of any other civil action or proceeding" for any personal injury caused by a PHS officer or employee performing medical or related functions "while acting within the scope of his office or employment."  *Id*. (citing 42 U.S.C. § 233).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of USPL.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials of USPL to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The USPL officials shall submit the *Martinez* Report by **October 16, 2023.** Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint.  If the Amended Complaint survives screening, the Court will enter a separate order for service on Defendants.

(2) Officials responsible for the operation of USPL are directed to undertake a review of the subject matter of the Amended Complaint:

      a.      To ascertain the facts and circumstances;

      b.      To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

      c.      To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

      (3)      Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the USPL officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The USPL officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

      (4)      Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

      (5)      Authorization is granted to the officials of USPL to interview all witnesses having knowledge of the facts, including Plaintiff.

      (6)      No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

      (7)      Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the USPL Warden as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Warden may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the USPL Warden, and to the United States Attorney for the District of Kansas.

**IT IS SO ORDERED**.

**Dated September 7, 2023, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**